IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY CARRIERS, INC., an Illinois corporation,<br><br>Defendant. | Civ. No. 10-534-SLR |

**MEMORANDUM ORDER**

At Wilmington this 28th day of February, 2011, having considered plaintiff's motion to remand this action to the Superior Court of the State of Delaware;

IT IS ORDERED that said motion (D.I. 5) is granted, as follows:

1. **Background.** Plaintiff E.I. DuPont De Nemours and Company and defendant Quality Carriers, Inc. entered into Motor Carriers Contract 1002-0003 ("the Contract") on August 1, 2002. (D.I. 8) By the terms of the Contract, defendant agreed to provide plaintiff with services such as transportation, loading, unloading, reloading, or storage of certain cargo and inventory between and among the states and provinces of the United States, Mexico, and Canada. (*Id.*) Defendant also agreed to provide clean equipment in compliance "with all government regulations and [plaintiff]'s standards for safe transport of cargo." (*Id.*) In January of 2008, defendant transported cargo for plaintiff in the form of RC-7193 resin. Plaintiff alleges that, while in the care, custody, and control of defendant, the resin was contaminated and damaged irreparably due to massive

"cratering."[1] Plaintiff contends that the resulting damages approach $3 million. (*Id.*)

2. In November of 2008, plaintiff submitted a formal request to defendant for resolution of the issue. (*Id.*) Although plaintiff submitted documentation to defendant supporting its claim, Kathy Cronin ("Cronin"), Senior Claims Adjuster for defendant, dismissed plaintiff's claims in October of 2009. (*Id.*) On December 21, 2009, Cronin advised Thomas Warnock ("Warnock"), Senior Counsel for DuPont, that she had spoken with her managers, and that defendant was not interested in negotiating a resolution to the matter. (*Id.*) On December 31, 2009, plaintiff filed a breach of contract action against defendant in the Superior Court of the State of Delaware. (D.I. 1) Defendant was served with a copy of the complaint and summons on January 22, 2010. (D.I. 11) Defendant failed to remove the action in a timely manner, pursuant to 28 U.S.C. § 1446(b).[2] On March 9, 2010, defendant filed a motion to dismiss claiming that plaintiff had failed to engage in contractually mandated alternative dispute resolution procedures. (D.I. 8, ex. A)

3. On March 10, 2010, Warnock met with defendant's representatives in hopes of resolving the dispute. (D.I. 10) Warnock memorialized the conversation in an e-mail on March 12, 2010, which states:

---

[1] Cratering is an imperfection that occurs if resin is contaminated. When resin products are exposed to synthetic compounds such as silicone, the potential for cratering exists. Plaintiff contends that cratering destroyed the resin products that were being transported in January of 2008. (D.I. 1 at ¶ 20)

[2] 28 U.S.C. § 1446(b) provides that a "notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."

2

> [Plaintiff] is willing to agree not to object on the basis of timeliness to a possible removal of the action by [defendant] under the following parameters: Namely, that removal only be attempted if the parties' good faith efforts to resolve the matter result in an impasse in the negotiations. That is, we must first continue our discussions in good faith as contemplated during our meeting on Wednesday. If the parties reach an impasse after good faith efforts to resolve the matter, then [defendant] will advise [plaintiff] of such before attempting to remove the case. Per our discussion, please confirm that [defendant] will withdraw the pending motion to dismiss.

(*Id.*, ex. D) Defendant voluntarily withdrew its motion to dismiss on April 7, 2010. (*Id.*) On June 18, 2010, defendant filed a notice of removal seeking to remove the action to the United States District Court for the District of Delaware. (*Id.*) Plaintiff moved to remand on July 9, 2010. (D.I. 5)

4. **Legal Standard**. The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper. *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). That burden is a high one when seeking to avoid a forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), *overruled on other grounds by Lines v. Chesser*, 490 U.S. 495 (1989); *ING Bank, FSB. v. Palmer*, 2010 WL 3907825 (D. Del. Sept. 29, 2010) at *1 (holding that a strong presumption exists in favor of enforcing a forum selection clause). Such clauses should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. *Bremen*, 407 U.S. at 10. "Unreasonable" has been defined

3

as presenting a situation in which it is "so gravely difficult and inconvenient that [the defendant] will for all practical purposes be deprived of his day in court," or if the forum selection clause is obtained through fraud, undue influence, or overweening bargaining power. *Id.* at 463.

5. **Discussion**. Plaintiff contends that it is entitled to remand because defendant contractually and irrevocably waived its right to remove by agreeing to the forum selection clause in Section 27 of the contract, providing that:

> The Parties hereby reciprocally and irrevocably waive in advance any and all objections to the **Delaware courts** as forums based upon any question of venue; the doctrine of forum non conveniens; the present or future pendency of any other case or proceeding elsewhere; the compulsory counterclaim rule or any other doctrine, statute, rule of practice or fact.

(D.I. 8, ex. A) (emphasis added) Plaintiff argues that the only interpretation of this forum selection clause is that, once a party has filed a matter in a Delaware court, the other party cannot object based on any doctrine, statute, rule of practice, or fact. (D.I. 11)

6. Contractual forum selection clauses are binding on the parties that agree to them. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1216 (3d Cir. 1991) (finding that defendant, by consenting to submit to "any court" of competent jurisdiction "at the request of the plaintiff," agreed to go to, and **stay in**, the forum chosen by plaintiff) (emphasis added); *QVC. Inc. v. Your Vitamins, Inc.*, 2010 WL 4873108 (D. Del. Nov. 29, 2010) at *3 (holding that a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting establishes: (1) it is the result of overreaching; (2) enforcement violates public policy; or (3) enforcement would

4

be unreasonable).

7. The forum selection clause in the Contract is not "unreasonable." *See M/S Bremen*, 407 U.S. at 10. No evidence has been provided that indicates defendant will be inconvenienced by litigating in Superior Court. Further, defendant does not allege that the Contract was obtained through fraud, undue influence, overreaching, or overweening of bargaining power. To the contrary, all factors indicate that the Contract was executed by two sophisticated parties with equal bargaining power.

8. Under the forum selection clause, specifying "Delaware courts" and not a particular venue, both the Superior Court and this court are appropriate forums. The forum selection clause clearly indicates that the parties irrevocably waive the right to remove, as evidenced by the language in Section 27 of the Contract. *See Foster*, 933 F.2d at 1216. The language of the clause contemplates that neither party may raise an objection to the plaintiff's chosen forum so long as the action is filed in Delaware. As such, defendant is bound by plaintiff's choice of forum due to the fact that plaintiff filed the breach of contract action.[3] Similar to the Superior Court, this court, being a

---

[3] Defendant contends that the forum selection clause does not contain an express waiver of the right to remove and, absent such language, removal cannot be precluded. *See Cowatch v. Sym-Tech*, 253 Fed. Appx. 231 (3d Cir. 2007) (the language "Sym-Tech hereby acknowledges and consents to the jurisdiction of said court. . . and hereby waives any rights regarding diversity of jurisdiction pertaining to this matter" was sufficient to indicate a waiver of the right to remove). In the alternative, defendant alleges that plaintiff consented to removal during the negotiations between Warnock and defendant, as memorialized in the e-mail Warnock sent to defendant. *Id.* Defendant's reliance on *Cowatch* is misguided. The court's primary inquiry in *Cowatch* was not whether specific language existed in the forum selection clause which indicated that the parties waived the right to remove, rather, it was whether the parties, in the contract, expressed an **irrevocable** waiver of the right. *Cowatch*, 253 Fed. Appx. at 234. The court found that the express waiver in the forum selection clause satisfied this requirement. *Id.*

"Delaware court," would have been an appropriate venue to bring the action. Since plaintiff has chosen the Superior Court as the appropriate forum, however, defendant cannot seek to remove, has waived its right to object to plaintiff's choice of forum, and must comply with its obligations under the contract.[4]

9. **Conclusion**. For the reasons stated, plaintiff's motion for remand to the Superior Court of Delaware is granted.

                                                          */s/*
                                    United States District Judge

---

[4] Defendant contends that the e-mail sent by Warnock to defendant memorialized plaintiff's consent for removal. The court is not persuaded, insofar as Warnock's agreement was both limited and conditional. (D.I. 10, ex. D) It was limited to an objection based upon timeliness, and expressed plaintiff's willingness to conditionally agree not to object on that basis to a possible removal action if defendant (1) withdraws its motion to dismiss and (2) engages in good faith settlement negotiations. Evidence indicates that defendant refused to engage in good faith negotiations, thereby nullifying the agreement between the parties as documented in the March 12, 2010 e-mail.